UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Manuel Sebastian Castro Largo | : | |
| | : | CIVIL ACTION NO: |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| Fat City Customs, LLC, and | : | |
| John A. Moore | : | |
| | : | July 22, 2014 |
| Defendants | : | |

## COMPLAINT

1. Plaintiff Manuel Sebastian Castro Largo ("Mr. Castro") worked several years for Defendants Fat City Customs, LLC, ("Fat City") and its owner John A. Moore painting and finishing cars and motorcycles. Mr. Castro worked almost a thousand overtime hours for Defendants without receiving any overtime premium whatsoever. On March 25, 2014, Mr. Castro attempted to quit after disputing his wages and hours with Defendant Moore. In retaliation for that wage complaint, Defendant Moore blocked Mr. Castro's car from leaving, pushed him up against a car, strangled him, threw him to the ground, and stomped his head into the floor. Then, after Mr. Castro was helped up, Defendant Moore struck him across the face. Mr. Castro was subsequently hospitalized for a concussion and other injuries. Defendant Moore was arrested. Mr. Castro seeks damages and other relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is appropriate pursuant to 28 U.S.C. 1391(b) because the events giving rise to this claim occurred within this judicial district.

## THE PARTIES

4. At all times relevant to the Complaint, Mr. Castro was a resident of Connecticut.

5. At all times relevant to the Complaint, Mr. Castro was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1) and Connecticut General Statutes §§ 31-58(e) and 31-71a(2).  Mr. Castro worked on cars and motorcycles put up for sale by Defendants across the country, using materials produced and sent in interstate commerce, and personally unloaded those goods.   Defendants Fat City and Moore told him when to work, what to do at work, supervised him, established his rate of pay, and paid him.  Mr. Castro made no personal monetary investment in his work and only did this work for Defendants.

6. Defendant Fat City was at all times relevant to the Complaint an enterprise incorporated in the state of Connecticut.  Fat City hired, paid, supervised, and scheduled Mr. Castro and was therefore an employer as that term is defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d) and by Connecticut General Statutes § 31-58(e) and 31-71a(1).

7. Defendant Moore resides in Connecticut. Defendant Moore operates Fat City. Defendant Moore made all relevant decisions regarding hiring, payment of wages, scheduling, and work duties of the Plaintiff.  Therefore, Defendant Moore was an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d) and Connecticut General Statutes §§ 31-58(e) and 31-71a(1).

## FACTS

8. Mr. Castro worked for Defendants from 2010 to March 2014.

9. Defendants never posted any notices advising Mr. Castro or other employees of their rights to a minimum wage, overtime, or all wages due, nor in any other way notified Mr. Castro of these rights. Defendants did not keep any records of Mr. Castro's hours or wages.

10. In 2010, Mr. Castro worked over 45 hours each week for Defendants at a rate of $15/ hour but received no overtime premium. During 2010, Mr. Castro worked approximately 200 overtime hours without receiving a premium and is owed approximately $1500 for that work.

11. In 2011, Mr. Castro worked over 45 hours each week for Defendants at a rate of $15/ hour but received no overtime premium. During 2011, Mr. Castro worked approximately 250 overtime hours without receiving a premium and is owed approximately $1,875 for that work.

12. In 2012, Mr. Castro worked over 45 hours each week for Defendants at a rate of $15/ hour but received no overtime premium. During 2012, Mr. Castro worked approximately 250 overtime hours without receiving a premium and is owed approximately $1,875 for that work.

13. From January 2013 until September 2013, Mr. Castro worked over 45 hours each week for Defendants at a rate of $15/hour but received no overtime premium. During that period, Mr. Castro worked approximately 195 overtime hours without receiving a premium and is owed approximately $1,462.50 for that work.

14. In October and November of 2013, Mr. Castro worked over 45 hours each week for Defendants at a rate of $20/hour but received no overtime premium. Mr. Castro worked approximately 45 overtime hours during that period without receiving a premium and is owed approximately $450 for that work.

15. In December of 2013, Mr. Castro insisted on not working overtime hours without receiving compensation for them and worked a regular 40 hour work week until March of 2014.

16. On March 25, 2014, Defendant Moore told Mr. Castro that he needed to work faster and work more hours.

17. Mr. Castro told Defendant Moore that he would not work more hours unless he was paid for them.

18. Defendant Moore told Mr. Castro to get out of his shop and threatened to call the police and "Immigration" on him.

19. Mr. Castro attempted to leave but Defendant Moore parked him in and said that Mr. Castro couldn't have his car unless he gave back some of his wages to Mr. Moore.

20. Mr. Castro asked Mr. Moore repeatedly to let him drive away and insisted that he wasn't going to give Mr. Moore any of his wages.

21. Mr. Moore pushed Mr. Castro against a car, strangled Mr. Castro, threw Mr. Castro to the ground, and stomped on Mr. Castro's head.

22. Another man helped up Mr. Castro, who was screaming in pain and yelling for help, and then Mr. Moore hit Mr. Castro in the face.

23. Mr. Castro saw Defendant Moore heading to grab something that looked like a long leash or whip and stumbled outside, terrified.

24. Outside, a man saw Mr. Castro, put him in a car, and gave him a ride home.

25. Mr. Castro was hospitalized for a concussion and other injuries.

26. Mr. Moore subsequently was arrested and charged by the Middletown police.

27. When Mr. Castro attempted to get his car back, Defendant Moore charged him a $150 "storage fee."

28. Mr. Moore's attorney told Sean Beals, a reporter for the Hartford Courant, that Mr. Castro was just a disgruntled former employee upset about unpaid wages.

29. Mr. Moore's attorney told Alex Gecan, a reporter for the Middletown Press, that this was "simply a case of a disgruntled former employee that had been trying to argue his compensation with Moore" and that the case the case "would be better suited to civil court than criminal proceedings."

## COUNT ONE - FAIR LABOR STANDARDS ACT
### (Overtime)

30. By the conduct described above, Defendants violated the Plaintiff's right to be paid an overtime premium consistent with the provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.

31. The Defendants' conduct as described above was in willful violation of the Plaintiffs' rights pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq. As a result of the Defendants' unlawful conduct, the Plaintiff has suffered a loss of compensation from employment that is due and owing to him.

## COUNT TWO - CONNECTICUT GENERAL STATUTES § 31-58, *et seq*.
### (Overtime)

32. By the conduct described above, the Defendants have denied the Plaintiff overtime wages in violation of Connecticut General Statutes § 31-60a and § 31-76c.

33. By the conduct described above, the Defendants' violations of Connecticut General Statutes were in bad faith, arbitrary, and/or unreasonable.

34. As a result of the Defendants' unlawful conduct, the Plaintiff has suffered a loss of compensation from employment that is due and owing to him.

## COUNT THREE – FAIR LABOR STANDARDS ACT
### (Retaliation)

35. By the conduct described above, including threatening to call the police and immigration authorities on Mr. Castro, attacking Mr. Castro, taking Mr. Castro's car, and charging him for its release, all in response to Mr. Castro's demand to be paid lawfully, Defendants violated 29 U.S.C. 215(a)(3).

36. As a result of such conduct, Mr. Castro has incurred medical bills and suffered physical injury and emotional distress.

## COUNT 4 – BATTERY

37. By the conduct described above, Defendant Moore is liable for the tort of Battery.

38. As a result of such conduct, Mr. Castro has incurred medical bills and suffered physical injury and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff prays that the Court award him:

1. Unpaid overtime wages;

2. Liquidated damages in equal amount to his unpaid overtime wages, pursuant to 29 U.S.C. § 216(b);

4. Double damages, pursuant to C.G.S. § 31-68 and 31-72;

5. Plaintiffs' costs and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and C.G.S. §§ 31-68 and 31-72;

6. A declaration that Defendants violated Plaintiff's rights to be free from retaliation pursuant to 29 U.S.C. 216(b)(3);

7. Punitive damages for Defendants' retaliation pursuant to 29 U.S.C. 216(b)(3) and for intentional battery;

6

8. Compensatory damages; and

9. Such other legal or equitable relief as the Court may deem just.

                               THE PLAINTIFF

                               By:     /s/_____
                               James Bhandary-Alexander
                               Ct28135
                               New Haven Legal Assistance Assoc.
                               426 State Street
                               New Haven, CT 06510
                               (203) 946-4811
                               (203) 498-9271 fax
                               Email: jbhandary-alexander@nhlegal.org
                               His Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2014, a copy of the foregoing Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                               /s/ James Bhandary-Alexander